SEED FILTER & MFG. CO., Inc., v. STOCKING et al.

(Supreme Court, Appellate Division, First Department.  May 5, 1916.)

1. PATENTS ⚙⟶157(1)—OPERATION OF LETTERS PATENT.
     Letters patent are prima facie evidence that the invention is prior to other similar inventions and that the patented article is different from other similar articles.
     [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 229, 230; Dec. Dig. ⚙⟶157(1).]

2. PATENTS ⚙⟶326(2)—VIOLATION OF INJUNCTION.
     An order restraining defendants from selling a No. 6 filter held not shown to be violated by evidence that defendants in good faith, under legal advice, sold somewhat similar filters made under a later patent than that of the No. 6.
     [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613, 614; Dec. Dig. ⚙⟶326(2).]

Appeal from Special Term, New York County.

Action by the Seed Filter & Manufacturing Company, Incorporated, against James F. Stocking and another.  From an order adjudging defendants in contempt of court, they appeal.  Reversed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Benjamin Davidson, of New York City, for appellants.
Joseph H. Kohan, of New York City, for respondent.

DAVIS, J.  The defendants were adjudged in contempt of a certain injunction order and ordered to pay a fine of $250, and in default of payment to be imprisoned in the county jail for 6 months.  From this order the defendants have appealed.

The action is brought to enjoin the defendants from using the trade name of J. H. Seed Filter & Manufacturing Company and Seed Filter Company, and also to enjoin the defendants for a period of 10 years from February 27, 1913, from selling to jobbers and dealers certain articles referred to in a certain inventory annexed to the complaint, in violation of an agreement entered into between the plaintiff and the defendant Stocking.  The agreement referred to is annexed to the complaint, and in the fourth paragraph thereof provides, among other things, that the defendant Stocking will not "engage in or sell, either directly or indirectly, to jobbers or dealers on any line of trade, any of the goods or merchandise so shown on said inventory of February 1, 1913, for a period of 10 years."  And the plaintiff agrees on its part not to engage in "agents' " trade during a like period, so far as the articles set forth in the inventory are concerned.

On the 29th of March, 1915, the court made a temporary restraining order, restraining the defendants during the pendency of the action from selling to jobbers or dealers any of the goods mentioned in the inventory of February 1, 1913.  Among the articles enumerated in this inventory is a filter known as a "No. 6 filter," and it was because of the sale of one half gross of filters alleged to be identical with No. 6

filters on December 6, 1915, in violation of the order of March 29, 1915, that the defendants were adjudged in contempt. It is conceded, however, by the plaintiff, that the defendants' filter differs from the plaintiff's, in that the former is made of corrugated glass; but it is claimed that the only purpose of the corrugated glass is to deceive the public and evade the provisions of the injunction order granted herein. The "No. 6 filter" and the defendants' filter are both patented articles; the plaintiff's patent having been issued June 17, 1902, and the defendants' October 12, 1915. Before the defendants' patent was issued, his application was examined with reference to the then existing patent of the plaintiff, with the result that the examiner of patents found that the defendants' filter was different in appearance and design from that of the plaintiff, and accordingly a patent was issued to the defendant for "a new and ornamental design for a filter," with the exclusive right to make, use, and vend the filter. And this is the filter the selling of which by the defendants has resulted in their being adjudged in contempt of court.

[1] The granting of the letters patent to the defendant is prima facie evidence that the defendant is the first inventor of the design for the filter sold by him and that his design is different from that of the No. 6 filter of the plaintiff. Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017; Smith v. Goodyear Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; Gordon v. Turco Halvah Co. (U. S. Dist. Ct., Southern Dist. of N. Y., New York Law Journal, Dec. 11, 1915) 232 Fed. ——.

[2] It is asserted by the defendant, and not denied in this record, that the many faucet filters now on the market differ from one another mainly in appearance and design; their mechanical and functional features being substantially the same. A comparison of the two filters in the case at bar shows substantially the same mechanical and functional features in each, but a substantially different design. For the reasons above stated, we are of opinion that there is no evidence that the defendants sold No. 6 filters in violation of the terms of the injunction.

Moreover, the records show that the defendant acted in good faith with reference to this injunction. It is charged that he sold the No. 6 filter in December, 1915. In the preceding January he consulted an attorney, who was also a mechanical engineer, about his new filter. He laid before him the No. 6 filter and the agreement forbidding him to sell the No. 6 filters, and he informed him of this litigation then in progress. The attorney made an investigation in the United States Patent Office, and on March 2, 1915, filed an application in that office for the patent, which was issued thereafter to defendant on October 12, 1915, after the decision in a proceeding in which defendant's application was brought into interference with plaintiff's patent. And as a result of all this he and his attorney came to the conclusion, properly, we think, that defendant might sell his own patented article without violating the agreement between plaintiff and defendant, and without violating the injunction of the court.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.